Putnam J.,
in giving the opinion of the Court, said, in substance, that by St. 1785, c. 50, § 9, the assessors of a parish are required to notify the inhabitants to bring in lists of their polls and estates, and by § 8, parish taxes are to be assessed according to the rules prescribed in the latest annual tax act, and the assessors are to lodge copies of the assessment and valuation in the clerk’s office of the place where the same are made, or in their own office. The defendants say they did what was equivalent to this ; that they had a list and valuation made by the assessors of the town, and that it was duly filed by those assessors in the town clerk’s office ; that the parish taxes were assessed according to such valuation ; that a duplicate of the assessment was filed in the parish clerk’s office ; and that this mode of proceeding is usual with parishes. A usage adverse to a law cannot repeal it. The provisions in the 9th section of the statute are not matter of form, but such as must be complied with substantially It may be that parish assessors may estimate parish estates better than town assessors, or the inhabitants may be willing to give in lists of their estates to parish assessors, where they have been doomed by those of the town. At any rate, the legislature have thought proper to require the assessors of parishes to make a valuation, and they cannot make a proper one by the opinion of other assessors.[1]
The Court are all of opinion that the plaintiff’s property has been taken illegally, and judgment must be entered according to the verdict.

 But a school district tax may be assessed upon a valuation of. property taken in reference to the town taxes for the same year. Waldron v. Lee, b Pick. 330.